MATHESON & MATHESON, P.L.C.
Darrel S. Jackson – 018415
djackson@mathesonlegal.com
Michelle R. Matheson – 019568
mmatheson@mathesonlegal.com
Matthew E. Walls – 026523
mwalls@mathesonlegal.com
15300 N. 90th Street, Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Tara Weaver, an individual, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Alternative Heavy Towing, Inc., an Arizona corporation; Robert Foraker and Jane Doe Foraker, husband and wife; and Sherry Uphold and Eric Uphold, husband and wife, | **(JURY TRIAL REQUESTED)** |
| Defendants. | |

Plaintiff alleges:

1. This case arises out of Defendants' unlawful employment practices. Specifically, Defendants failed and refused to pay overtime to Plaintiff as required by the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq.*

2. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims under the federal Fair Labor Standards Act.

3. This Court is the proper venue, pursuant to 28 U.S.C. § 1391, because the Defendant resides in Arizona and the events or omissions giving rise to Plaintiff's claims occurred in Maricopa County, Arizona.

4. Plaintiff is currently, and at all times relevant to this action was, a resident of Maricopa County, Arizona.

5. Defendant Alternative Heavy Towing, Inc. ("**AHT**") is an Arizona corporation, and is doing business in Maricopa County. At all relevant times, AHT was a covered "employer" as defined in 29 U.S.C. § 203(d).

6. Upon information and belief, Defendants Robert Foraker and Jane Doe Foraker are a married couple and are residents of Maricopa County, Arizona. They have caused events to occur giving rise to this Complaint for which their marital community is fully liable. Mr. Foracker is a Director and Vice President of AHT. He exercises significant economic control over AHT, including control over decisions regarding how to pay Plaintiff. At all relevant times, Mr. and Mrs. Foraker were covered "employers" as defined in 29 U.S.C. § 203(d).

7. Upon information and belief, Defendants Sherry Uphold and Eric Uphold are a married couple and are residents of Maricopa County, Arizona. They have caused events to occur giving rise to this Complaint for which their marital community is fully liable. Mrs. Uphold is a Director and President of AHT. Mr. Uphold is a Director and Chief Executive Officer of AHT. Both Mr. and Mrs. Uphold exercise significant economic control over AHT, including control over decisions regarding how to pay

Plaintiff. At all relevant times, Mr. and Mrs. Uphold were covered "employers" as defined in 29 U.S.C. § 203(d).

8. Defendants own and operate a fleet of nine towing and transportation trucks, and provide light, medium, and heavy towing and recovery in the Phoenix metropolitan area.

9. Defendants' business operates 24-hours per day and seven days per week.

10. Plaintiff began working for Defendants as a dispatcher in April 2011. Plaintiff's last day of employment with Defendants was August 16, 2012.

11. Plaintiff customarily and regularly performed non-exempt work, for purposes of the FLSA.

12. Plaintiff's primary job duty was to dispatch drivers to respond to customer calls for assistance, to provide status updates to customers, and to collect payments from customers. Plaintiff also performed routine data entry tasks.

13. Plaintiff was scheduled to work 45 hours per week for Defendants.

14. Defendants required Plaintiff to respond to customer calls and dispatch drivers outside of her regular work schedule, including on weekends and in the evenings after her regular shift.

15. In order to complete work outside of her regular schedule, Defendant required Plaintiff to use her home computer to access Defendants' computer system remotely.

-3-

16. Defendants paid Plaintiff on a salary basis. Initially, Defendants paid Plaintiff a salary of $600 per week. In April 2012, Defendants increased Plaintiff's salary to $735 per week.

17. Plaintiff received no commissions or any other form of compensation in addition to her fixed salary.

18. Plaintiff regularly worked in excess of 40 hours per week, but received no overtime compensation.

19. Plaintiff complained to Defendants about working overtime without receiving overtime pay.

20. Plaintiff had no managerial duties or functions.

21. Plaintiff received less than $100,000 in total compensation on an annual basis.

22. Plaintiff rarely, if ever, exercised discretion and independent judgment in connection with matters of significance.

23. Plaintiff was not free from supervision in connection with matters of significance while employed by Defendants.

24. Plaintiff did not have the authority to commit Defendants in matters that had significant financial impact.

25. Plaintiff had no authority to authorize repairs or maintenance on Defendants' trucks.

26. Plaintiff had little, if any, authority to waive or deviate from established policies and procedures without prior approval.

27. Plaintiff was subject to daily supervision.

28. Plaintiff did not supervise other employees.

29. Plaintiff made no decisions or recommendations regarding hiring, firing, or disciplining other employees.

30. Plaintiff made no decisions regarding work schedules for other employees.

## COUNT ONE

**(Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act)**

31. Plaintiff incorporates by reference the allegations above.

32. Plaintiff was a covered "employee" and Defendants were Plaintiff's "employer" as those terms are defined by the FLSA.

33. Defendants are a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA, 29 U.S.C. §§ 201-219. Defendants' annual gross volume of sales or business done was not less than $500,000.00.

34. Plaintiff was a covered individual "engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

35. The overtime provision of the FLSA, 29 U.S.C. § 207, applies to Defendants.

36. Plaintiff regularly worked in excess of 40 hours per week for Defendants but receive no overtime pay.

37. Defendants did not keep accurate records of Plaintiff's hours worked, as required by the FLSA, 29 U.S.C. § 211(c).

-5-

38. Plaintiff was a nonexempt employee under the FLSA.

39. Defendants were aware or should have been aware that federal law required them to pay overtime to Plaintiff for all time worked in excess of 40 hours per week.

40. Defendants did not make a good-faith effort to ascertain and comply with their obligations to Plaintiff under the FLSA.

41. Plaintiff has suffered economic damages as a result of Defendants' unlawful compensation practice and is entitled to statutory remedies pursuant to the FLSA, including but not limited to, unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

**REQUESTED RELIEF**

A. For the Court to find that the Defendants violated the overtime provisions of the FLSA;

B. For an award of damages of unpaid overtime, plus an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

C. For an award of Plaintiff's reasonable attorneys' fees and costs; and

D. For an award of pre and post judgment interest on all compensation due.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

December 20, 2012

Matheson & Matheson, P.L.C.

By: /s/ Darrel S. Jackson